Filed 7/11/16  P. v. Stone CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>ELNORRIS ABRAHAM STONE,<br><br>          Defendant and Appellant. | A146671<br><br>(Alameda County<br>Super. Ct. No. C145534B) |

        Elnorris Abraham Stone (appellant) appeals from the denial of his motion and amended motion to convert the fines and penalties imposed at sentencing into additional prison time, pursuant to Penal Code[1] sections 1205, subdivision (a) "and/or" 2900.5.

        Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

**PROCEDURAL AND MATERIAL FACTUAL BACKGROUND OF CASE**

        Appellant was convicted of first degree murder (§ 187, subd. (a)) and sentenced in January 2005.  His sentence included that he serve a term in state prison of 25 years to

---

        [1] All further statutory references are to the Penal Code, unless otherwise indicated.

1

life, and pay a $200 restitution fine pursuant to sections 1202.4, subdivision (b), and 1202.45, the latter of which was suspended unless appellant had any subsequent parole revoked.  He was also ordered to pay victim restitution in the amount of $6,955.46 pursuant to section 1202.4, subdivision (f).

On July 21, 2015, appellant, representing himself, filed an ex parte motion to dispose of the above mentioned restitution fines by converting them to days of imprisonment to be served concurrent to his existing term at a rate of $30 per day, pursuant to sections 1205, subdivision (a) "and/or" section 2900.5.

An amended motion seeking the same relief was filed by appellant, again acting in propria persona, on August 27, 2015.

Both the original motion and the amended motion were considered by the trial court and denied on September 28, 2015.  The first ground for denying appellant's motions was that the conversion of fines to additional incarceration time under section 1205, subdivision (a) must be specifically allowed in the judgment, and the abstract of judgment attached to appellant's amended motion did not allow for that conversion.  As a second ground for denying the motion, the court noted that all criminal proceedings relating to the underlying conviction have concluded, the judgment has become final, and the court lacks jurisdiction to grant the relief sought, citing section 1170, subdivision (d).

**CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW**

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.  The denials of appellant's

motion and amended motion were supported by law (§§ 1205, subd. (a), 2900.5, subd. (a)).[2]

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
STREETER, J.

---

[2] Section 1205, subdivision (a) provides in relevant part: "A *judgment* that the defendant pay a fine, with or without other punishment, may also direct that he or she be imprisoned until the fine is satisfied and may further direct that the imprisonment begin at and continue after the expiration of any imprisonment imposed as a part of the punishment or of any other imprisonment to which the defendant may have been sentenced. *The judgment* shall specify the term of imprisonment for nonpayment of the fine, which shall not be more than one day for each one hundred twenty five dollars ($125) of the fine, nor exceed the term for which the defendant may be sentenced to imprisonment for the offense of which he or she has been convicted. A defendant held in custody for nonpayment of a fine shall be entitled to credit on the fine for each day he or she is held in custody, at the rate *specified in the judgment*." (Italics added.) Effective January 1, 2016, the rate at which a day of additional incarceration shall reduce the amount of restitution was increased from $30 to $125. (Stats. 2015, ch. 209, § 1, eff. Jan. 1, 2016.)